**E-Filed 1/20/09**

1

2

3

4

5

6

7

8

9

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| IN RE RAMBUS INC. DERIVATIVE LITIGATION | Case Number C 06-3513 JF (HRL) |
| This Document Relates To: | **ORDER GRANTING FINAL APPROVAL OF DERIVATIVE LITIGATION SETTLEMENT** |
| All Actions | |

Plaintiffs Howard Chu and Gaetano Ruggieri ("Plaintiffs") move for final approval of a settlement of this action and for an award of attorneys' fees and expenses.  The terms of the settlement are set forth in the Stipulation of Settlement dated October 23, 2008 ("Settlement") which accompanies this order.  Separately, nominal defendant Rambus Inc. ("Rambus") requests an order terminating derivative litigation and substituting Rambus as Plaintiff in this action as against non-settling Defendant Ed Larsen.  *See* Rambus' Amended Motion to Terminate, at 19:13-18.   Both motions are unopposed.  For the reasons discussed below, the motions will be granted and judgment entered accordingly.

# I. BACKGROUND

On May 31, 2006, Plaintiff Howard Chu filed a shareholder derivative action captioned *Chu v. Hughes, et al*. Case No.: C-06-3513-JF ("Chu action") on behalf of nominal defendant Rambus, alleging that certain current and former Rambus officers and directors violated the federal securities laws, breached their fiduciary duties, and unjustly enriched themselves in connection with an allegedly prolonged pattern of stock options backdating.  In the Prayer for Relief, the Chu action demanded, *inter alia*, that Defendants "disgorge to the Company all of the backdated stock options they received, including the proceeds of any such options that have been exercised . . . . "

On June 23, 2006, Plaintiff Ronald Bibeau filed a related shareholder derivative action captioned *Bibeau v. Hughes, et al*., Case No. C-06-3921-JF ("Bibeau action"), alleging substantially similar claims.  On July 5, 2006, plaintiff Ruggieri filed another related action captioned *Ruggieri v. Hughes, et al.*, Case No. C-06-4153-RMW ("Ruggieri action"), alleging claims similar to those alleged in the Chu and Bibeau actions.  Ruggieri sought relief in the nature of "reform[s] and improve[ments] [to Rambus's] corporate governance and internal control procedures."  On August 9, 2006, the Court entered an Order consolidating the Chu, Bibeau and Ruggieri actions into the instant action, captioned *In re Rambus, Inc. Derivative Litigation*, Master File No. C-06-3513-JF.

On November 3, 2006, Plaintiffs filed their Amended Consolidated Shareholder Derivative Complaint, naming as defendants Harold Hughes, Geoff Tate, John D. Danforth, Laura S. Stark, Robert K. Eulau, David Mooring, Gary Harmon, Ed Larsen, Kevin Kennedy, Sudodh Toprani, William H. Davidow, Bruce Dunlevie, J. Thomas Bentley, P. Michael Farmwald, Charles Geschke, Mark Horowitz, Abraham Sofaer and Sunlin Chou (collectively, "Individual Defendants").  On October 19, 2006, Rambus announced the creation of a Special Litigation Committee ("SLC") to evaluate potential claims or other actions arising from Rambus' historical stock option granting activities.  On August 24, 2007, the SLC filed its report ("SLC Report") with the Court.  As reflected in the SLC Report, between July 26, 2007 and August 14, 2007, the Company entered into various settlements with Individual Defendant Mooring, Tate,

2

Harmon and Eulau calling for either monetary contributions or the return of stock and/or stock options, as well as for Mr. Tate's relinquishment of any claims, rights, or interests he might have had in Rambus stock options previously granted to him but unexercised as of his resignation from the Board.  Several of the settlements also were conditioned upon dismissal of the claims against the Individual Defendants in the consolidated action.

On August 27, 2007, plaintiff Herbert Francl filed a shareholder derivative action on behalf of Rambus and against defendant PricewaterhouseCoopers (collectively and together with Rambus and the Defendants, "Defendants") in the U.S. District Court for the Southern District of New York, alleging claims for breach of contract and professional negligence in connection with Rambus' historical granting of stock options.  The action subsequently was transferred to this Court on November 21, 2007, and captioned *Herbert Francl, Derivatively on Behalf of Rambus Inc. V. PricewaterhouseCoopers*, Case No. C-08-1315-JF (HRL).  On October 5, 2007, Rambus filed a motion to terminate the consolidated action against all of the Individual Defendants except for non-settling Defendant Ed Larsen.  Around April 1, 2008, the parties reached a settlement in principle and, on October 29, 2008, executed the final Stipulation of Settlement.

The Court granted preliminary approval to the Settlement in a Preliminary Approval Order dated October 30, 2008.  *See* Order Granting Preliminary Approval of Settlement, filed October 30, 2008.  Following preliminary approval, a Notice of Settlement ("Notice") was published in a press release and carried on Business Wire on November 7, 2008, and filed on a Form 8-K with the U.S. Securities and Exchange Commission on November 10, 2008.  *See* Salceda Aff. at 2:6-12.  In addition, Rambus posted the Notice on the company's website.  *Id*. at 2:13-14.  No objection was filed prior to the January 2, 2009 deadline imposed by the Preliminary Approval Order.  *See* Pl.'s Mot. For Final Approval, at 2:26-27.

Under the Stipulation, Rambus will adopt and implement several significant corporate governance reforms, including: 1) significant amendments to the Compensation Committee Charter; 2) stock ownership guidelines for the Company's executive officers and directors; 3) the hiring of a new Vice President of Finance with experience in public accounting as well as in senior accounting roles in a public company, who will oversees all of Rambus' accounting

3

1   functions; 4) the hiring of two Assistant Corporate Controllers to oversee revenue recognition

2   and financial systems and to oversee external reporting; and 5) the requirement that all finance,

3   accounting, and stock administration staff attend training in various areas of GAAP.  In addition

4   to the corporate governance reforms, Rambus agreed to pay $2 million in attorneys' fees and

5   expenses ("Fees and Expenses Award") to Plaintiffs' counsel.

6   **II. FINDINGS WITH RESPECT TO THE PROPOSED SETTLEMENT**

7   The Court must determine whether the Settlement is "fundamentally fair, adequate and

8   reasonable."  *See* Fed. R. Civ. P. 23(e); *Mego Financial Corp. Sec.* Litig., 213 F.3d 454, 459 (9th

9   Cir. 2000); *Officers for Justice v. Civil Service Commission*, 688 F.2d 615, 625 (9th Cir. 1982).

10  "Assessing a settlement proposal requires a district court to balance a number of factors,

11  including: the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of

12  further litigation; the risk of maintaining a class action throughout the trial; the amount offered in

13  settlement; the extent of discovery completed and the stage of the proceedings; the experience

14  and views of counsel; . . . and the reaction of the class members to the proposed settlement."

15  *Mego Financial*, 213 F.3d at 458.  The district court also must satisfy itself that the settlement is

16  not the product of collusion among the negotiating parties.  *Id*.

17  In the instant case, the parties have negotiated the Settlement through counsel and at

18  arm's length after lengthy discussions.  The Settlement provides long term remedial measures

19  that are specifically designed to protect the shareholders.  As Professor Larcker[1] states, "the

20  reforms provide substantial benefits to Rambus and its shareholders by not only changing

21  Rambus' options granting practices, thereby preventing any backdating of Rambus stock options

22  in the future, but also several of the reforms go beyond such practices and require the

23  implementation of broader corporate governance reforms which will have positive long-lasting

24  effects on Rambus and its shareholders."  *See* Larcker Decl. p.1.

25

26  [1]Professor David F. Larcker is the James Irvin Miller Professor of Accounting at the
27  Graduate School of Business at Stanford University and the director of the Corporate
    Governance Research Program at the Graduate School of Business and the co-director of the
28  Rock Center for Corporate Governance.  Larcker Decl. at p. 1.

4

1    "[T]he reaction of the class to the proffered settlement[,] [which] is perhaps the most

2    significant factor to be weighed in considering its adequacy," *In re SmithKline Beckman Corp.*

3    *Sec. Litig.*, 751 F. Supp. 525, 530 (E.D. Pa. 199), also weighs in favor of approval.  The Notice

4    was published on November 7, 2008, and no objections to the settlement terms were filed.  *See*

5    Pl.'s Mot. For Final Approval, at 15:8-17.  Finally, the parties and their counsel independently

6    have considered the Settlement and agree that it is in the best interests of Rambus and its

7    shareholders. *See* Pl.'s Mot. For Final Approval, at 14:24-27.

8         The alternative to the proposed Settlement Agreement is continued litigation, with its

9    considerable risk, uncertainty, and expense.  Although Plaintiffs believed that the claims asserted

10   in the consolidated action were meritorious, there are several plausible defenses that the

11   Individual Defendants might have raised had the litigation continued.  *See* Pl.'s Mot. For Final

12   Approval, at 10:18-11:20 (noting potentially applicable defenses).  Liability was by no means a

13   foregone conclusion.  Given the benefits to Rambus and the lack of objections, the Court finds

14   the Settlement to be fair, adequate, reasonable, and a sound alternative to continued litigation.

15                    **III. AWARD OF ATTORNEYS' FEES AND EXPENSES**

16        Attorneys who prosecute a shareholder derivative action that confers "substantial benefit"

17   on the corporation are entitled to an award of attorneys' fees.  *See Mills v. Elec. Auto-Life Co.*,

18   396 U.S. 375 (1970).  Following *Mills*, courts consistently have approved attorneys' fees and

19   expenses in shareholder actions where the plaintiffs' efforts resulted in significant corporate

20   governance reforms but no monetary relief.  *See e.g., Unite Nat'l Ret. Fund v. Watts*, No. Civ. A.

21   04CV3603DMC, 2005 WL 2877899, at *5 (D.N.J. Oct. 28, 2005) (awarding $9.2 million based

22   on "the great benefit conferred upon [the company] as a result of the new corporate governance

23   principles provided for in the settlement agreement"); *In re Schering-Plough Corp. S'holders*

24   *Derivative Litig.*, No. C-03-1826, 2008 WL 185809, at *5 (D.N.J. Jan. 14, 2008) (granting

25   attorneys' fees of $9.5 million for the substantial benefits the corporate governance procedures

26   provided to the company).  In the instance case, the Court is satisfied that the corporate

27   governance reforms are of significant value to Rambus.

28        The Court also notes that the proposed fee award is the product of arm's-length

5

1   negotiation between counsel highly experience in shareholder derivative actions and agreed upon

2   only after the other terms of the Settlement were negotiated.  *See* Pl.'s Mot. For Final Approval,

3   at 17:22-18:3.  The Court finds that the $2 million fee award agreed upon by the parties is

4   reasonable and accordingly will grant the award.

5                                        **IV.  ORDER**

6           Finding that the Settlement is fair, reasonable, and in the best interests of Rambus and its

7   shareholders, the Court will grant final settlement approval and the requested fees award, and

8   will sign the parties' proposed settlement order, filed concurrently with this Order.

9

10

11  **IT IS SO ORDERED.**

12

13  DATED: 1/20/09

14

15  _____

    JEREMY FOGEL
    United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

6

1   This Order was served on the following persons:

2   Alexander Louis Karpman     akarpman@irell.com

3   Benny Copeline Goodman , III     bennyg@csgrr.com, e_file_sd@csgrr.com

4   Daniel J. Bergeson     dbergeson@be-law.com, swalker@be-law.com

5   Darryl Paul Rains     drains@mofo.com, dgillis@mofo.com

6   David Siegel     dsiegel@irell.com

7   Donald P. Gagliardi     dgagliardi@be-law.com, emtofelogo@be-law.com

8   Elizabeth Dianne Lear     elear@be-law.com, emtofelogo@be-law.com

9   Eric L. Zagar     ezagar@sbtklaw.com, der_filings@sbtklaw.com, kpopovich@sbtklaw.com,

10  rwinchester@sbtklaw.com

11  Erin Jane Holland     eholland@foley.com

12  Felix Shih-Young Lee     flee@fenwick.com

13  Frank James Johnson     frankj@johnsonbottini.com, brett@johnsonbottini.com,

14  frankb@johnsonbottini.com, trisha@johnsonbottini.com

15  Garland Aycuff Kelley     GKelley@irell.com

16  Ignacio Evaristo Salceda     isalceda@wsgr.com, rlustan@wsgr.com

17  Jay L. Pomerantz     jpomerantz@fenwick.com, slim@fenwick.com

18  Jeffrey S. Facter     jfacter@shearman.com, rcheatham@shearman.com

19  Jennifer Lauren Klem     jklem@mwe.com

20  John Charles Hueston     jhueston@irell.com

21  Juan Carlos Orellana     corellana@fenwick.com, bwalrod@fenwick.com,

22  DocketCalendarRequests@fenwick.com

23  Justin S. Chang     jchang@shearman.com, rcheatham@shearman.com

24  Kathleen Ann Herkenhoff     e_file_sd@csgrr.com, kathyh@csgrr.com

25  Maria Ellinikos     mellinikos@akingump.com, smartinson@akingump.com,

26  westdocketing@akingump.com

27  Martin N. Gelfand     mgelfand@irell.com

28

7

1   Matthew J. Jacobs     mjacobs@mwe.com, aleonetti@mwe.com

2   Melinda Mae Morton     mmorton@be-law.com, gsimmons@be-law.com

3   Patrice L. Bishop     service@ssbla.com

4   Peter J. Drobac     pdrobac@mwe.com, clovdahl@mwe.com

5   Robert B. Humphreys     rhumphreys@akingump.com, lbonvissuto@akingump.com,

6   westdocketing@akingump.com

7   Sean M. Handler , Esq     ecf_filings@btkmc.com

8   Stephanie Laura Zeller     szeller@mofo.com, llontayao@mofo.com

9   Steven Shea Kaufhold     skaufhold@akingump.com, smartinson@akingump.com,

10  westdocketing@akingump.com

11  Susan Samuels Muck     smuck@fenwick.com, cgalvin@fenwick.com

12  Travis E. Downs , III     travisd@csgrr.com, e_file_sd@csgrr.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. CV 06-3513 JF (HRL)
ORDER GRANTING FINAL APPROVAL OF SETTLEMENT
(JFEX1)