BARROWAY TOPAZ KESSLER
  MELTZER & CHECK, LLP
Eric L. Zagar (250519)
Robin Winchester
Tara P. Kao
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056
ezagar@btkmc.com
rwinchester@btkmc.com
tkao@btkmc.com

COUGHLIN STOIA
  GELLER RUDMAN & ROBBINS LLP
Travis E. Downs III (148274)
Kathleen Herkenhoff (168562)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423
travisd@csgrr.com
kathyh@ csgrr.com

*Lead Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE RAMBUS INC. DERIVATIVE LITIGATION, <br><br> This Document Relates To: <br><br> All Actions. | CASE NO.: C-06-3513 JF <br><br> [PROPOSED] **ORDER AND FINAL JUDGMENT** |

WHEREAS, plaintiffs Howard Chu and Gaetano Ruggieri and Herbert Francl (collectively, "Plaintiffs") on behalf of themselves and derivatively on behalf of nominal defendant Rambus Inc. ("Rambus" or the "Company"), Individual Defendants Harold Hughes,

Geoff Tate, John D. Danforth, Laura S. Stark, Robert K. Eulau, David Mooring, Gary Harmon, Kevin Kennedy, Subodh Toprani, William H. Davidow, Bruce Dunlevie J. Thomas Bentley, P. Michael Farmwald, Charles Geschke, Mark Horowitz, Abraham Sofaer, Sunlin Chou, and PricewaterhouseCoopers LLP (collectively "Settling Defendants"), and Rambus' Special Litigation Committee entered into a Stipulation of Settlement dated as of October 23, 2008 (the "Stipulation") representing a partial settlement of the Actions;

WHEREAS, Non-Settling Defendant Ed Larsen is not a Settling Defendant;

WHEREAS, on  October 29 , 2008, Plaintiffs filed a Motion for Preliminary Approval of Proposed Settlement seeking preliminary approval of the Stipulation;

WHEREAS, on  October 30 , 2008, this Court entered the Preliminary Order preliminarily approving the Settlement and requiring Notice be disseminated to Current Rambus Stockholders as provided for in the Stipulation;

WHEREAS, the Preliminary Order set a Settlement Hearing for January 16, 2009,  to:

    a.    determine whether to finally approve the Settlement pursuant to Rule 23.1 of the Federal Rules of Civil Procedure as fair, reasonable, adequate, and in the best interests of the Company and Current Rambus Stockholders, including the payment of attorneys' fees and expenses in the amount negotiated by the Settling Parties;

    b.    consider whether to enter an Order and Final Judgment (a) approving the terms of the Settlement as fair and reasonable and adequate; (b) dismissing with prejudice all claims released against any of the Released Persons (as defined in the Stipulation); (c) ordering that Rambus be substituted as the Plaintiff in the Action against Non-Settling Defendant Ed Larsen *nunc pro tunc* and all claims possessed by Rambus are preserved and may be pursued by Rambus in the Action or in other actions; and (d) ordering that the right to assert claims derivatively on behalf of Rambus against Non-Settling Defendant Ed Larsen held by Plaintiffs or any other Current Rambus Stockholder shall be irrevocably assigned to Rambus; and

    c.    hear other such matters as the Court may deem necessary and appropriate.

WHEREAS, terms not defined herein shall have the meanings ascribed to them in the Stipulation;

WHEREAS, this matter has come before the Court for final approval of the proposed Settlement of the Actions;

[PROPOSED] ORDER AND FINAL JUDGMENT     - 2 -
CASE NO.: C-06-3513 JF

1  WHEREAS, Notice has been provided to Current Rambus Stockholders in compliance with the Preliminary Order;

WHEREAS, the Court has reviewed and considered all documents, evidence, objections (if any) and arguments presented in support of or against the Settlement.

NOW, THEREFORE, the Court being fully advised of the premises and good cause appearing therefor, it is ORDERED, ADJUDGED AND DECREED that:

1. The Court has jurisdiction over the subject matter of the Action, over all parties to the Action and over those persons and entities, if any, that objected to the Settlement.

2. Unless otherwise stated herein, all capitalized terms contained in this Order shall have the same meaning and effect as stated in the Stipulation.

3. This Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to each of the Settling Parties, and the Settling Parties are hereby directed to perform the terms of said Settlement.

4. The Notice was disseminated in accordance with the Preliminary Order, and such Notice and the dissemination thereof meets the requirements of Rule 23.1 of the Federal Rules of Civil Procedure and due process under the United States Constitution and any other applicable laws, is the best notice practicable under the circumstances, and constitutes due and sufficient notice of all matters relating to the Settlement.

5. This Court: (a) approves the terms of the Settlement as fair and reasonable and adequate; (b) dismisses with prejudice all claims asserted in the Actions against any and all of the Released Persons; (c) orders that Rambus be substituted as the Plaintiff in the Action against Non-Settling Defendant Ed Larsen and that all claims asserted therein against Non-Settling Defendant Ed Larsen be deemed assigned to Rambus *nunc pro tunc* and may be pursued in the Action or in other actions; and (d) orders that the right to assert claims derivatively on behalf of Rambus against Non-Settling Defendant Ed Larsen held by Plaintiffs or any other Current Rambus Stockholder shall be irrevocably assigned to Rambus.

6. No shareholder of Rambus may bring an action derivatively on behalf of Rambus against any of the Released Persons asserting any claim that has been released pursuant to Section 4 of the Stipulation.

7. All claims contained in the Actions against Settling Defendants Harold Hughes, Geoff Tate, John D. Danforth, Laura S. Stark, Robert K. Eulau, David Mooring, Gary Harmon, Kevin Kennedy, Subodh Toprani, William H. Davidow, Bruce Dunlevie J. Thomas Bentley, P. Michael Farmwald, Charles Geschke, Mark Horowitz, Abraham Sofaer, Sunlin Chou, and PwC, as well as all of the Released Claims against each of the above-named defendants and their Related Parties, are hereby dismissed with prejudice. Nothing herein shall release any claim that has been, could have been or may be asserted by Rambus against Non-Settling Defendant Ed Larsen arising out of or related to the events giving rise to the Actions. As among the Settling Parties, the parties are to bear their own costs, except as otherwise provided in the Stipulation.

8. Nothing herein shall operate to discharge or release or affect in any way any claims that Rambus has or had, or that may be asserted by Rambus, arising out of or relating to the events alleged in the operative complaint in this case, against Non-Settling Defendant Ed Larsen, including but not limited to claims currently alleged in the pending Actions or claims that may be alleged in the future in the Actions or in a new complaint by Rambus.

9. Upon the Effective Date, Plaintiffs (on their own behalf and derivatively on behalf of Rambus), Rambus, and the Current Rambus Stockholders (in their capacity as stockholders only) shall fully, finally, and forever release, relinquish, and discharge the Settling Defendants and their Related Parties from any and all Released Claims that any of them has against the Settling Defendants and their Related Parties. Nothing herein shall release any claim that has been, could have been or may be asserted by Rambus against Non-Settling Defendant Ed Larsen arising out of or related to the events giving rise to the Actions.

10. Upon the Effective Date, each of the Settling Defendants shall fully, finally, and forever release, relinquish, and discharge the Plaintiffs and their Related Parties, Plaintiffs' Counsel and its Related Parties, and Rambus and its Related Parties from any and all claims,

liabilities, obligations, causes of action, expenses, damages, losses, or any other matters, whether known or unknown, foreseen or unforeseeable, certain or contingent, which any of them has or may come to have against the Plaintiffs and their Related Parties, Plaintiffs' Counsel and its Related Parties, and Rambus and its Related Parties that arise out of, arise in connection with, or relate to the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims.

11.  Upon the Effective Date, Nominal Defendant Rambus shall fully, finally, and forever release, relinquish, and discharge the Plaintiffs and their Related Parties and Plaintiffs' Counsel and its Related Parties, from any and all claims, liabilities, obligations, causes of action, expenses, damages, losses, or any other matters, whether known or unknown, foreseen or unforeseeable, certain or contingent, which Rambus has against the Plaintiffs and their Related Parties, Plaintiffs' Counsel and its Related Parties that arise out of, arise in connection with, or relate to the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims.

12.  Upon the Effective Date, each of the Released Persons will be forever barred and enjoined from commencing, instituting or prosecuting any or all claims (including Unknown Claims) against each and all of the Plaintiffs, Plaintiffs' Counsel, Rambus, and all of the Rambus stockholders (solely in their capacity as Rambus stockholders) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Actions or the Released Claims.

13.  Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Settling Parties or any other Person as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing or liability of the Settling Parties; or of the validity of any Released Claims; or (b) is intended by the Settling Parties to be offered or received as evidence or used by any other person in any other actions or proceedings, whether civil, criminal or administrative; or

(c) is or may be deemed to be or may be offered, attempted to be offered or used in any way as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing or liability of the Non-Settling Defendant  The Released Persons and the Non-Settling Defendant may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, except that the Non-Settling Defendant shall not file or assert the Stipulation and/or Judgment to support a defense or counterclaim in an action brought by the Company or the Special Litigation Committee; and any of the Settling Parties may file the Stipulation and documents executed pursuant and in furtherance thereto in any action to enforce the Settlement.

14. The Court hereby approves the Fees and Expenses Award to Plaintiffs' Counsel in the amount of $2,000,000. The Fees and Expenses Award shall be paid to Lead Plaintiffs' Counsel in accordance with the terms of the Stipulation within ten (10) days of the date hereof.

15. This Order and Final Judgment, the Stipulation, all exhibits thereto, and any and all negotiations, papers, writings, statements and/or proceedings related to the Settlement are not, and shall not in any way be used or construed as (a) an admission, or evidence of, the validity of any of the Released Claims or of any wrongdoing or liability of the Settling Defendants; or (b) an admission of, or evidence of, any fault or omission of any of the Settling Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal, other than in such proceedings as may be necessary to consummate or enforce the Stipulation, the Settlement or this Order and Final Judgment, except that the Settling Defendants may file the Stipulation and/or this Order and Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

16. Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, including effectuating the release of claims in related proceedings, and all parties hereto submit to the jurisdiction of the Court for the purposes of implementing and enforcing the Settlement embodied in the Stipulation.

17. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, including effectuating the release of claims in related proceedings, this Order and Final Judgment shall be vacated, and all Orders entered and releases delivered in connection with the Stipulation and Order and Final Judgment shall be null and void, except as otherwise provided for in the Stipulation.

18. During the course of the litigation of the Actions, all parties and their counsel acted in good faith, and complied with Rule 11 of the Federal Rules of Civil Procedure and comparable state law and rules of professional responsibility.

19. There is no reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

DATED: __January 20__, 2009

_____
THE HONORABLE JEREMY FOGEL
UNITED STATES DISTRICT COURT JUDGE
NORTHERN DISTRICT OF CALIFORNIA